UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH JACKSON, 05-B-1287,

                                  Petitioner,

v.

THOMAS P. GRIFFIN,

                              Respondent.

**REPORT AND
RECOMMENDATION**

13-CV-00019(A)(M)

_____

        Hon.  Richard J. Arcara referred the matter to me pursuant to 28 U.S.C.

§636(b)(1), for all proceedings necessary to determine the factual and legal issues presented and

for preparation of a Report and Recommendation [8].[1]  Pending before me is petitioner Joseph

Jackson's Petition [1] pursuant to 28 U.S.C. §2254 for a writ of habeas corpus and motion [13]

for an evidentiary hearing.  Oral argument of petitioner's motion for an evidentiary hearing was

held on October 30, 2014 [22].  For the following reasons, I recommend that the Petition and

motion for an evidentiary hearing be denied.


## BACKGROUND

        Petitioner and co-defendant Kentrel Jeffries were charged in an Indictment (No.

00189-2004) with four counts of murder in the second degree (N.Y. Penal Law §§125.25(1) and

(3), 20.00), two counts of kidnapping in the first degree (id., §135.25(3), 20.00), one count each

of attempted murder in the second degree (id. §§125.25(1), 110.00, 20.00), robbery in the first

degree (id., §160.15(1), 20.00), assault in the first degree (id., §§120.10(1), 20.00), and

unauthorized use of a vehicle in the third degree (id., §§165.05(1), 20.00).  The Indictment arose

---

     [1]       Bracketed references are to the CM/ECF docket entries.

from two incidents, one occurring on January 5, 2004, where petitioner and Jeffries were accused of stabbing Homer Broadus, and the other on January 28, 2005, where petitioner and Jeffries were accused of abducting and murdering Bobby Hayes and robbing Anthony Jackson.

Prior to trial, petitioner and Jeffries entered guilty pleas on November 16, 2004 before New York State Supreme Court Justice Penny M. Wolfgang to one count of manslaughter in the first degree (N.Y. Penal Law §§125.20(1), 20.00) relating to the Hayes incident and to one count of assault in the first degree (id., §§120.10(1), 20.00) relating to the Broadus incident.  Plea transcript, p. 12.[2]  At the plea, petitioner was advised that by pleading guilty he would receive a concurrent sentence of between 20 to 25 years incarceration, followed by five years of post-release supervision (id., pp. 13-14).  As part of his plea, he also agreed to waive and withdraw his pending motions (id., p. 17) and to waive his right to appeal, other than issues of voluntariness of the plea and the legality of the sentence (id., pp. 12-13).

At the time of his plea, petitioner was 19 years old and was represented by John Jordan, Esq. (id., pp. 10-11).  As part of the plea allocution, petitioner was asked about the January 5 and 8, 2004 incidents and conceded his role in the stabbings (id., pp. 14-16).

By motion dated January 5, 2005 petitioner moved *pro se* to withdraw his plea [1-2], pp. 50-53 of 60, stating that "my lawyer mislead me.  I thought I was coping [*sic*] out to assist in the 1st degree until I took the plea.  My lawyer knew my defense, but he badgered me into going against my own defense" (id.).

---

[2]     A paper copy of the state court records have been submitted to the court.  *See* April 10, 2013 Entry.

On March 29, 2005 petitioner, through new counsel, Joseph Terranova, again moved before Justice Wolfgang to withdraw the plea. That motion was supported by petitioner's Affidavit stating, "I felt intimidated by Mr. Jeffries decision that day to enter guilty pleas and the possibility that he could testify against me at trial" (¶4); "I did not have a relationship of trust with my assigned attorney . . . He failed to provide me with 'paperwork' and did not pursue an alibi defense involving my sister" (¶5); "Because of the stress I was feeling, I was not thinking clearly . . . I did not appreciate . . . that I had a choice to demand a trial of the indictment" (¶6); and "Mr. Jordan told me to simply answer 'yes' to all of the Court's questions" (¶7).

On April 8, 2005 petitioner was sentenced by Justice Wolfgang.  Before sentencing, she heard argument on petitioner's motion to withdraw his plea and denied the motion.  Sentencing Transcript, pp. 1-10.  Petitioner was sentenced to concurrent terms of 20 years imprisonment and five years of post release supervision (id., pp. 12-13).

**Petitioner's Direct Appeal**

Petitioner appealed from the judgment, arguing that the trial court erred in denying his motion to withdraw his guilty plea and that his sentence was harsh and excessive. By Order dated February 2, 2007, the Appellate Division, Fourth Department, unanimously affirmed the judgment, without opinion.  *See* People v. Jackson, 37 A.D.3d 1080 (4th Dept. 2007), lv. denied, 8 N.Y.3d 986 (2007).  In July and October 2008, the Fourth Department also denied petitioner's motions for reargument.  *See* People v. Jackson, 53 A.D.3d 1123 (4th Dept. 2008); 55 A.D.3d 1419 (4th Dept. 2008).

**Petitioner's Collateral Challenges**

On May 28, 2008, petitioner moved to set aside his sentence pursuant to N.Y.

Crim. P. Law ("CPL") §440.20(1), arguing that his plea was obtained in violation of the Double

Jeopardy Clause of the United States Constitution.  By Memorandum and Order filed October 9,

2008, Justice Wolfgang denied the  motion.  It is not clear from the record whether he sought

leave to appeal this denial.

On August 4, 2008 petitioner moved to vacate the judgement pursuant to CPL

§440.10, arguing various grounds as to why he received ineffective assistance of counsel. That

motion also argued that his Fourth Amendment rights were violated by his unlawful arrest.  By

Memorandum and Order dated May 6, 2009, Justice Wolfgang denied the motion. [1-1], pp. 20-

23 of 58.  The Appellate Division, Fourth Department, denied petitioner leave to appeal that

decision by Order dated January 20, 2012 (id., p. 31 of 58).

On February 11, 2011 petitioner moved again to vacate the judgment, arguing that

his conviction was tainted due to a missing certificate of conviction, improper consolidation of

the Indictment, prosecutorial misconduct, and a deficient pre-sentence report.  By Memorandum

and Order dated July 25, 2011 Justice Wolfgang denied the motion.  [1-1], pp. 25-29 of 58.  The

Appellate Division, Fourth Department, denied leave to appeal that decision by Order dated

May 11, 2012 (id., p. 33 of 58).

**The Petition**

The Petition raises the following grounds for relief: 1) that petitioner's guilty plea

was not knowing and voluntary; 2) that his guilty plea was coerced; 3) that his conviction was the

product of an unconstitutional search and seizure; 4) that his conviction was the product of an

unlawful arrest; 5) that he was denied effective assistance of counsel; 6) that his detention is

unlawful due to a missing certificate of conviction; 7) that the Indictment was improperly

consolidated; 8) prosecutorial misconduct; 9) that the denial of his motion to withdraw his guilty

plea was erroneous; 10) that the pre-sentence report was deficient; and 11) that his sentence was

harsh and excessive.  Petition [1], pp. 6-7 of 9; Exhibits to the Petition [1-1], pp. 9-13 of 58.


## ANALYSIS

**A.     The Petition**

 **1.     Standard of Review**

   A habeas corpus petition may not be granted with respect to any claim that was

adjudicated on the merits in state court unless the state court's adjudication of that claim:

"(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of

the evidence presented in the State court proceeding." 28 U.S.C. §2254(d).[3]

---

[3] "'[C]ontrary to' and 'unreasonable application' clauses have independent meaning. . . . A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . .  The court may grant relief under the unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed . . . that an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002).

"The state court's findings of fact are presumed to be correct unless the petitioner can rebut this presumption by clear and convincing evidence.  The petitioner bears the ultimate burden of proving by a preponderance of the evidence that his constitutional rights were violated." Santiago v. Laclair, 588 Fed.Appx. 1, *2  (2d Cir. 2014) (Summary Order), cert. denied, __S.Ct.__ 2015 WL 303319 (2015) (internal quotations omitted).


### 2.    Grounds One, Two and Nine:  Knowing and Voluntary Plea[4]

In ground one of his Petition, petitioner argues that his plea was "unlawfully induced or not made voluntary with the understanding of the nature of the charge and the consequences of the plea".  Petition [1], p. 6  of 9.  Specifically, he alleges that his attorney told him "that if he did not take [the] plea, he would get [the] Death Penalty", that "he never received as much as an indictment . . . from counsel, no paper work at all",  that he "never knew the charges held against him, nor did the court mention the maximum or minimum sentence before or during [the] plea", and that he never agreed to withdraw his pending motions as a condition of the plea (id.).  In ground two of his Petition he argues that his attorney told him "what to say during the plea, which made that plea someone else's" (id., p. 7 of 9).  Correspondingly, as ground nine of his Petition, petitioner argues that Justice Wolfgang erred in denying his motion to  withdraw his plea. [1-1], p. 11 of 58.  In response to these claims, respondent argues that they "are wholly unsupported by the record".  Respondent's Memorandum of Law [6], p. 6.[5]

---

[4]      Since these grounds overlap, I have considered them collectively.

[5]      In his brief to the Appellate Division, petitioner argued that Justice Wolfgang erred in not granting his motion to withdraw his plea because at the plea he did not remember the attack on Hayes and stated in the pre-sentence report that he blacked out during the alleged assault on Broadus.  Appellate Brief, pp. 4-5.

"The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Hill v. Lockhart, 474 U.S. 52, 56 (1985).  "[A] plea is deemed 'intelligent' if the accused had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way; it is deemed 'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally."  Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir.), cert. denied, 488 U.S. 890 (1988).

Significantly, "statements at a plea allocution carry a strong presumption of veracity".  United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997).  Such statements "are generally treated as conclusive in the face of the defendant's later attempt to contradict them". Adames v. United States, 171 F.3d 728, 732 (2d Cir. 1999).  See McCants v. McCoy, 2008 WL 4852681, *5 (W.D.N.Y. 2008) ("Where a defendant has explicitly stated in his allocution that he fully understands the consequences of his plea and that he has chosen to plead guilty after a thorough consultation with his attorney, a district court on habeas review may rely on the defendant's sworn statements and hold him to them"); Beckary v. Chappius, 2012 WL 3045691, *7  (W.D.N.Y. 2012) ("Statements made by a defendant at a plea hearing constitute a 'formidable barrier' that cannot be easily overcome in subsequent collateral proceedings because '[s]olemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible'", quoting Blackledge v. Allison, 431 U.S. 63, 73  74 (1977)).

Here, petitioner's statements at the plea colloquy refute his claims of coercion and involuntariness. After being sworn under oath at the plea proceeding, it was explained to petitioner that he was giving up his right to a jury trial and the privilege against self-incrimination. Plea transcript, pp. 11-12. He also acknowledged that he was not coerced or forced to plead guilty against his free will, that he was satisfied with the services his attorney, and that there was nothing to his knowledge that was either unfair about the conditions of the plea or that suggested that it was being required to cover up an error or misconduct in the case (id., pp. 11-13). He also expressly acknowledged that he was giving up his right to appeal, other than issues of voluntariness and the legality of the sentence, as a condition of the plea (id., p. 13). At the conclusion of the plea, his counsel further agreed that as a condition of the plea petitioner was waiving and withdrawing all pending motions (id., p. 17).

Moreover, petitioner's current allegations are very different from the reasons he gave in his initial January 5, 2005 *pro se* motion to withdraw his guilty plea, wherein he stated "my lawyer mislead me. I thought I was coping [*sic*] out to assist in the 1st degree until I took the plea. My lawyer knew my defense, but he badgered me into going against my own defense" [1-2], p. 52 of 60. Therefore, I conclude that petitioner's claim that his guilty plea was not knowing and voluntary is meritless, and recommend that this portion of the Petition be denied.

### 3.   Grounds Three and Four: Unlawful Search and Seizure

Petitioner alleges that his conviction was "obtained by use of evidence gained pursuant to an unconstitutional search & seizure" and "by use of evidence obtained pursuant to an unlawful arrest". Petition [1], p. 7 of 9. Specifically, he argues that he was a "passenger in

[the] vehicle of [a] 'paid informant' who assisted this arrest, when vehicle was pulled over by officers, 'at gun point', for no reason not even a routine traffic stop" (id.).  In response, respondent argues that this claim is unexhausted and waived.  Respondent's Memorandum of Law [6], pp. 7-8.

A habeas petitioner must exhaust all available state remedies, either on direct appeal or through a collateral attack on his conviction, before he may seek relief in federal court.  See 28 U.S.C. §2254(b)(1)(A); Baldwin v. Reese, 541 U.S. 27, 29 (2004).  To fulfill the exhaustion requirement, a petitioner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim".  Baldwin, 541 U.S. at 29.

Here, petitioner's attorney had moved for an hearing pursuant to People v. Ingle, 36 N.Y.2d 413 (1975) to determine the legality of the traffic stop and a hearing on this issue was granted.  As part of his guilty plea petitioner agreed to withdraw and waive all pending motions.  Plea transcript, p. 17.  Among the arguments raised in his August 4, 2008 CPL §440.10 motion, petitioner argued that his Fourth Amendment rights were violated.  Specifically, he argued that at his Ingle hearing it was established that the informant used was not reliable and "that there was no probable cause to arrest [him] or to keep him illegally detained due to the fact that [he] was not a suspect but for the word of this non-reliable confidential source".  Petitioner's Affidavit in support of his August 4, 2008 motion to vacate the judgment [7-1], p. 41 of 48,  ¶93.  Although it appears that this argument was raised as an independent ground to vacate the judgment, in addressing the motion Justice Wolfgang treated it as a basis for why petitioner received ineffective assistance of counsel.  See Justice Wolfgang's July 30, 2009 Memorandum and Order

[1-1], pp. 20-23 of 58. Therefore, it does not appear that Justice Wolfgang ever ruled on the merits of this motion.

In any event, even if the claim was exhausted, it is meritless. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 481  82 (1976).  "[R]eview of fourth amendment claims in habeas petitions [may] be undertaken in only one of two instances (a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir.1992).

Here,  petitioner does not argue that New York has failed to provide a corrective procedure to redress alleged Fourth Amendment violations.  Indeed, " it is well-settled that New York's statutory procedure for litigating Fourth Amendment claims constitutes a sufficient 'corrective procedure' under Stone".  Morton v. Perez, 2014 WL 407411, *7 (S.D.N.Y.), adopted 2014 WL 948186 (S.D.N.Y. 2014).  Simply, "[h]ad he not pled guilty, that mechanism would have been available to him".  Id.

Moreover, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty

plea by showing that the advice he received from counsel" was constitutionally deficient. <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973); <u>Haring v. Prosise</u>, 462 U.S. 306, 321 (1983) ("[W]hen a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized"). *See also* <u>Bey v. Payant</u>, 2007 WL 1300779, *1 (S.D.N.Y. 2007) ("[B]ecause [petitioner] entered a guilty plea, and none of the evidence against him was admitted at trial, [his suppression] claims . . . are moot").

"Pursuant [CPL] §710.70(2), a criminal defendant may appeal an adverse decision on a pretrial motion to suppress evidence, despite being convicted upon a guilty plea . . . . However, a defendant can waive his rights under §710.70(2) by withdrawing a suppression motion prior to making a guilty plea, and a court may require the withdrawal of such a motion prior to accepting the plea . . . . In such a situation there is no right of appeal with respect to the claims made on the suppression motion, and a petitioner also waives his right to federal habeas review of such claims by virtue of the guilty plea . . . . Thus, petitioner's withdrawal of his suppression motion at the time of his guilty plea precludes habeas review of the[se] claims". <u>Gilliam v. Superintendent</u>, 2015 WL 114344, *9 (N.D.N.Y. 2015) (internal quotations omitted). Therefore, I recommend that this portion of the Petition be denied.

### 4.    **Ground Five: Ineffective Assistance of Counsel**

Petitioner argues that Mr. Jordan was ineffective "due to his failure to respond to the D.A.'s motion 'The People's Demand to Produce' . . . failure to inform petitioner of right to testify in front of grand jury . . . , failure to investigate and produce alibi witnesses . . ., failure

to bring forth petitioner's mental health history . . . , failure to maintain client-attorney relationship . . . , and also coercion . . . . Have attorney responded to the 'Peoples Demand to Produce', certain issues would have been heard/reviewed". Petition [1-1], p. 9 of 58. In response, respondent argues that "[t]here is no record support for his factual allegations, beyond his own self-serving petition", and that petitioner does not identify how he was prejudiced. Respondent's Memorandum of Law [6], p. 10.[6]

"To establish an ineffective assistance claim within the context of a guilty plea, a petitioner must show that his counsel's constitutionally ineffective performance affected the outcome of the plea process such that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Hill v. West, 599 F.Supp.2d 371, 392 (W.D.N.Y. 2009) (quoting Hill v. Lockhart, 474 U.S. 52, 56 (1985)).

"Claims of ineffective assistance of counsel relating to events prior to the plea that do not impact the voluntariness of the plea do not survive a guilty plea." Wimes v. Conway, 2011 WL 5006762, *3 (W.D.N.Y. 2011). See also O'Kane v. Kirkpatrick, 2011 WL 3809945, *11 (S.D.N.Y.), adopted 2011 WL 3918158 (S.D.N.Y. 2011) ("[A]ny claims regarding

---

[6]     In denying petitioner's ineffective assistance of counsel claims arising from his performance at the suppression hearings, Justice Wolfgang held that those claims could have been raised on direct appeal. See Memorandum and Order dated May 6, 2009 [1-1], p. 21 of 58 (citing CPL §§440.10(2)(a), (c)). Although not argued by respondent, to the extent petitioner is attempting to raise this ground in support of his ineffective assistance of counsel claim, he is procedurally barred from doing so. See Beauharnois v. Chappius, 2015 WL 893091, *14 n. 7 (N.D.N.Y. 2015) ("Where an ineffective assistance claim is record-based, federal habeas courts have found this procedural bar (based on C.P.L. §440.10(2)(c)) to be 'firmly established and regularly followed,' and thus 'adequate'").

Petitioner's attorney's performance   other than those relating to his guilty plea   relate to matters preceding his decision to plead guilty and are, therefore, rendered moot by his guilty plea").

Since (other than petitioner's coercion claim) petitioner's alleged grounds for ineffective assistance of counsel do not relate to the voluntariness of the plea itself, they are barred from review. *See* Wimes, 2011 WL 5006762 at *3 ("Petitioner's ineffective assistance of counsel claim alleges that counsel committed errors related to counsel's failure to investigate certain evidence . . . and for failing to investigate alleged alibi witnesses. Because the instant claim does not relate to the voluntariness of the plea itself, the claim is barred from review by this Court"); Hill, 599 F.Supp.2d at 392-93 ("Hill's voluntary guilty plea precludes any constitutional claims resulting from conduct occurring before his guilty plea.  Thus, the . . . ineffective assistance of counsel claims that relate to pre-plea events, such as the failure to investigate potential witnesses, acquisition of discovery material, and his decisions regarding a psychiatric examination, are effectively waived under Tollett . . . because Hill's plea was voluntary"); Sullivan v. Goord,  2007 WL 2746900, *4 (W.D.N.Y. 2007).

The only claim of ineffective assistance of counsel that does not appear to be barred by Tollett is petitioner's claim that his attorney coerced him into taking the plea. However, as noted by Justice Wolfgang in her May 6, 2009 Memorandum and Order ([1-1], p. 20 of 58) denying petitioner's CPL §440.10 motion based on ineffective assistance of counsel, and as discussed above, this claim is without merit since it directly contradicts the statements which he made at his  plea allocution.  *See* Dong Cai v. United States, 2013 WL 5934314, *4 (E.D.N.Y. 2013) ("Petitioner provides no facts supporting his allegation that his counsel 'forced' a guilty

plea . . . . In fact, petitioner's sworn testimony before this court belies his assertions . . . . The court is entitled to rely on those sworn statements made by petitioner in open court"); McCants, 2008 WL 4852681 at *5 (rejecting ineffective assistance of counsel claim based, in part, on the petitioner's statements at the time of the plea allocution).

Moreover, "where the defendant secured a significant strategic benefit by pleading guilty, courts are generally less likely to suspect an involuntary or misguided decision to plead." Padilla v. Keane, 331 F.Supp.2d 209, 217 (S.D.N.Y. 2004). *See also* Feliz v. United States, 2002 WL 1964347, *7 (S.D.N.Y. 2002) ("no prejudice exists when a plea agreement lessens the severity of the sentence the defendant would face if convicted at trial"); Carpenter v. Unger, 2014 WL 4105398, *33, n. 44 (N.D.N.Y. 2014) ("the highly favorable outcome as a result of the plea agreement . . . belies Petitioner's claim of ineffective counsel").  As noted by Justice Wolfgang, petitioner's counsel "was successful in negotiating an advantageous plea and sentencing commitment, relative to the sentencing exposure had [he] been convicted after a trial".  May 6, 2009 Memorandum and Order [1-1],  p. 22 of 58.

Therefore, I recommend that this portion of the Petition be denied.


**5.    Ground Six: Missing Certificate of Conviction**

Petitioner argues that since the New York State Department of Corrections and Community Supervision ("DOCCS") is not in possession of his certificate of conviction, his "detention as a DOCCS inmate [is]  unlawfu[]".  Petition [1-1], pp. 9-10 of 58.   In support of this argument, he relies upon an August 26, 2008 Memorandum from Southport Correctional Facility, stating, "We have received your request for a copy of your Certificate of Conviction.

-14-

Please be advised that a Certificate of Conviction is a supplementary document to the Sentence and Commitment and is not always provided by the Court.  As we do not have one in our records, you will need to write to your Court of Conviction for a copy". [1-2], p. 41 of 60.   In response, respondents argue, *inter alia*, that a sentence and commitment order also constitutes authority for execution of a sentence. Respondent's Memorandum of Law [6], p. 11.

I agree with respondent.  CPL §380.60 provides that "[e]xcept where a sentence of death is pronounced, a sentence and commitment *or* certificate of conviction showing the sentence pronounced by the court . . . . constitutes the authority for execution of the sentence and serves as the order of commitment" (emphasis added).  Moreover, "the failure to obey a state procedural law is not an appropriate subject for federal habeas review".  McClain v. Bradt, 2013 WL 3207456, *9 (N.D.N.Y. 2013).  "The claim . . . that the state failed to follow certain state regulations regarding the technical manner in which a sentence is executed . . . does not state a proper basis for federal habeas review." Id.  Therefore, I conclude that this ground for relief is meritless, and recommend that this portion of the Petition be denied.

6.     **Ground Seven: Improper Consolidation of the Indictment**

Petitioner argues that he was indicted "for two separate cases under one indictment, being forced to go to one trial for two separate cases, in which, substantially, more proof l[ies] in one case than the other".  Petition [1-1], p. 10  of 58.  In response, respondent argues that this claim is procedurally barred, waived as a result of his plea, and meritless. Respondent's Memorandum of Law [6], p. 12.

Petitioner's counsel had moved to sever counts of the Indictment, but no ruling was made on that motion prior to petitioner's guilty plea.  *See* Justice Wolfgang's July 25, 2011 Memorandum and Order [1-1], p. 27 of 58.  Although petitioner raised this argument in his second CPL §440.10 motion, it was denied by Justice Wolfgang, who concluded that this issue "should have been raised on appeal" as "[s]ufficent facts appear in the record to have permitted the Appellate Division to review the defendant's contentions" (id., *citing* CPL §440.10(2)(c)).

Under state law, a CPL §440.10 motion must be denied if  "sufficient facts appear on the record of the proceedings underlying the judgment to have permitted . . . adequate review of the ground or issue raised upon the motion", but the ground or issue was not raised on direct appeal.  CPL §440.10(2)(c).  "The purpose of this rule is to prevent Section 440.10 from being employed as a substitute for direct appeal when the defendant was in a position to raise an issue on appeal or could readily have raised it on appeal but failed to do so."  Sweet v. Bennett, 353 F.3d 135, 139 (2d Cir. 2003) (internal quotations omitted).

"Ordinarily, a federal habeas court may not reach the merits if the state court's rejection of a federal claim 'rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" Clark v. Perez, 510 F.3d 382, 390 (2d Cir. 2008), cert. denied, 555 U.S. 823 (2008) (*quoting* Coleman v. Thompson, 501 U.S. 722, 729 (1991)).  A denial pursuant to CPL §440.10(2)(c) qualifies as an independent and adequate state ground.  *See* Gifford v. Artus, 2013 WL 6837177, *11 (W.D.N.Y. 2013).  Therefore, this claim is procedurally barred.

Nevertheless, petitioner  may overcome this procedural bar if he can demonstrate either cause for the default and resultant prejudice, or that failure to consider the federal habeas

claim will result in a fundamental miscarriage of justice. *See* <u>Coleman</u>, 501 U.S. at 749-50. Petitioner does not demonstrate cause for the default. With respect to whether petitioner has shown that the denial of the claim will result in a miscarriage of justice, this exception is limited to "extraordinary case[s], where a constitutional violation has probably resulted in the conviction of one who is actually innocent". <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986). *See* <u>Rivas v. Fischer</u>, 687 F.3d 514, 540 (2d Cir. 2012). Here, petitioner appears to rely on actual innocence, by alleging in the Petition that he "still maintains his innocence". Petition [1-1], p. 12 of 58 . A "claim of actual innocence must be both 'credible' and 'compelling.'" <u>Rivas</u>, 687 F.3d at 541. "For the claim to be 'credible,' it must be supported by new reliable evidence . . . that was not presented at trial" and "[f]or the claim to be 'compelling,' the petitioner must demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt - or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." <u>Id</u>. (internal quotations omitted).

Petitioner's "conclusory and unsupported assertion that he is innocent plainly does not come close to meeting this demanding standard." <u>Hawkins v. Graham</u>, 2014 WL 317842, *6 (W.D.N.Y. 2014). While his submissions include alibi affidavits from his girlfriend, sister, and mother ([1-2], pp. 31-33 of 60), "[t]he identity of the affiants is highly relevant to this inquiry - a reasonable juror would likely question the credibility of the affidavits". <u>Philbert v. Brown</u>, 2012 WL 4849011, *7 (E.D.N.Y. 2012).

In any event, at petitioner's plea he expressly withdrew and waived all of his pending motions. Therefore, this claim is waived (*see* <u>Gilliam</u>, 2015 WL 114344 at *9), and I recommend that this portion of the Petition be denied.

### 7.   Ground Eight:   Prosecutorial Misconduct

Petitioner alleges that in arguing against his motion to withdraw the plea, the "prosecutor mentioned that petitioner stated, under oath, [that] he understood that he was taking a plea of a maximum of 25 years and a minimum of 20 years to avoid a lengthy sentence of 50 years to life . . . . There are no transcripts of . . . petitioner facing fifty to life other than the sentencing transcripts . . . .  Prosecutor also stated that petitioner said he thought his codefendant might testify against him and said petitioner said he didn't know he was entitled to a trial . . . . Nowhere in [the transcript] will you see the words the prosecutor accused petitioner of saying. Th[ese] . . . false accusations are what led to the judge denying petitioner's motion to withdraw [the] plea".  Petition [1-1], pp. 10-11 of 58.   In response, respondent argues that this claim is procedurally barred and otherwise meritless.  Respondent's Memorandum of Law [6], pp. 14-15.

In denying petitioner's prosecutorial misconduct claim, Justice Wolfgang concluded that it should have been raised on direct appeal.  *See* July 25, 2011 Memorandum and Order [1-1], p. 27 of 58 (*citing* CPL §440.10(2)(c)).  Therefore, this claim is procedurally barred and petitioner has failed to show cause for the default or that failure to consider the claim will result in a fundamental miscarriage of justice to overcome this bar.  *See* Coleman, 501 U.S. at 749-50; Sweet , 353 F.3d at 139.

In any event, even if this claim were not procedurally barred, it is meritless.  As recognized by Justice Wolfgang, these statements were included in the Affidavit petitioner

submitted in support of his motion to withdraw his guilty plea.  July 25, 2011 Memorandum and

Order [1-1], p. 27 of 58.[7]   Therefore, I recommend that this portion of the Petition be denied.


### 8.      Ground Ten: Challenge to the Pre-Sentence Report

Petitioner alleges that Justice Wolfgang sentenced him "based on a deficient pre-

sentence report", which "gave <u>no details</u> of 'any crime' . . . which [he] was charged with and

accused of".  Petition [1-1], p. 12 of 58 (emphasis in original).  In response, respondent argues

that this claim is procedurally barred and otherwise vague.  Respondent's Memorandum of Law

[6], p. 16.

In denying petitioner's challenge to the pre-sentence report in his second CPL

§440.10 motion, Justice Wolfgang held that "[t]he time to challenge the accuracy of a pre-

sentence report is at sentencing".  July 25, 2011 Memorandum and Order [1-1], p. 28 of 58.

Alternatively, Justice Wolfgang denied this claim on its merits, concluding that "the record

reflects that the defense counsel reviewed and discussed the report with the defendant" (<u>id.</u>).

Under New York's contemporaneous objection rule, an objection must be raised

at the time of a challenged ruling in order to preserve it for appellate review.  *See*

CPL §470.05(2).  "The contemporaneous objection rule is an adequate and independent state

ground for rejecting Petitioner's challenge to his sentence."  <u>Cook v. Marshall</u>,  2011 WL

744765, *4 (S.D.N.Y. 2011) (*citing* <u>Wainwright v. Sykes</u>, 433 U.S. 72, 86 (1977)).  Therefore, I

conclude that this claim is procedurally barred, and petitioner has failed to show cause for the

---

[7]      Petitioner's motion for release of a copy of his pre-sentence report was denied by Justice
Wolfgang on July 19, 2010 [1-2], pp. 58-60 of 60.

default or that the denial of this claim will result in a miscarriage of justice.   Accordingly, I

recommend that this portion of the Petition be denied.


### 9.      Ground Eleven: Harsh and Excessive Sentence

In arguing that his sentence was harsh and excessive and should be reduced in the

interests of justice, petitioner states that he "was 18 years old when charged with these crimes,

having no prior felony convictions, therefore entitling [him] to youthful offender status".

Petition [1-1], pp. 12-13 of 58.   In response, respondent argues that petitioner was sentenced

within a lawful statutory range and within the parameters of the plea he accepted.   Respondent's

Memorandum of Law [6], p. 17.

Petitioner does not argue that his sentence falls outside of the sentence authorized

by the Penal Law, much less the parameters of the sentence he agreed to as part of his plea.

"Because Petitioner's sentence does not fall outside of the range authorized by New York's Penal

Law, his claim challenging the severity of that sentence is not cognizable on federal habeas

review and must be dismissed."  Horn v. Herbert, 2006 WL 2806410, *8 (W.D.N.Y. 2006).  *See*

White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is

presented where . . . the sentence is within the range prescribed by state law").

To the extent petitioner is challenging his sentence as constituting cruel and

unusual punishment in violation of the Eighth Amendment, this argument is likewise rejected.

"[T]he Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to

the severity of the crime." Rummel v. Estelle, 445 U.S. 263, 271 (1980). "[F]ederal courts should

be reluctant to review legislatively mandated terms of imprisonment, and that successful

challenges to the proportionality of particular sentences should be exceedingly rare." <u>Ewing v.</u>

<u>California</u>, 538 U.S. 11, 22 (2003).  *See* <u>Cummings v. Burge</u>, 581 F.Supp.2d 436, 453 (W.D.N.Y.

2008).  I do not find this to be one of the "exceedingly rare" sentences that is grossly

disproportionate to the severity of the crime, especially given that it did not exceed the sentence

agreed to as part of the plea.  While petitioner argues that he should have been sentenced as a

youthful offender, that was not a condition of the plea, and no objection on that  ground was

raised  before sentencing.  Therefore, I recommend that this portion of the Petition be denied.


### 10.       Certificate of Appealability

        "A certificate of appealability may issue . . . only if the applicant has made a

substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  Since I

conclude that petitioner has not made a such a showing, I recommend that no certificate of

appealability be issued with respect to any portion of his Petition.


## B.       Petitioner's Motion for an Evidentiary Hearing

        Petitioner requests that the case "be remanded back to . . . presiding judge Penny

M. Wolfgang, to conduct an 'Evidentiary' hearing and thereupon respond to Petitioner's <u>sworn</u>

allegations tending to be supported by a factual PROCEEDING record".  Petitioner's Affidavit

[13], ¶1 (emphasis in original).  Although at points petitioner appears to argue that he  is  seeking

an evidentiary hearing on all of his factual allegations (<u>id.</u>, ¶¶6-7, and Notice of Motion (seeking

an order that Justice Wolfgang "conduct within Thirty . . . days . . . an 'evidentiary' hearing

pursuant to the factual allegations raised and contained within the Petitioner's complaint

submitted before this court"), the thrust of his motion appears to be seeking a hearing on his motion to withdraw a guilty plea which was denied by Justice Wolfgang (id., pp. 5-8 of 8).

"[B]oth federal and state precedent have established that a defendant is not entitled as a matter of right to an evidentiary hearing on a motion to withdraw a guilty plea." Hines v. Miller, 318 F.3d 157, 162 (2d Cir.), cert. denied, 538 U.S. 1040 (2003). "In light of these precedents, the failure to hold an evidentiary hearing on a motion to withdraw a plea does not offend a deeply rooted or fundamental principle of justice." Id.  See Carpenter v. Unger, 2014 WL 4105398, *32 (N.D.N.Y. 2014).

In any event, federal courts "do not have authority under the federal habeas statutes, 28 U.S.C. §2241 or §2254, to remand a habeas corpus petition to a state court for an evidentiary hearing". Coombs v. Diguglielmo,  616 F.3d 255, 265 n. 10 (3d Cir. 2010) (internal quotations omitted); Shepherd v. Perry, 2012 WL 3727278, *2  (E.D.Mich. 2012) ("This court lacks authority to remand a federal habeas corpus proceeding to state court"); Kilgore v. Quarterman, 2007 WL 603988, *2 n.1  (N.D.Tex. 2007) ("A federal court has no authority in a §2254 petition to remand claims back to the state court system for further review").  See also Magwood v. Smith, 791 F.2d 1438, 1450 (11th Cir. 1986) ("[A] federal district court . . . has no appellate jurisdiction over a state criminal case and hence has no authority to 'remand' a case to the state courts.  The federal habeas corpus statute provides a mechanism for collateral, not appellate review.  A federal court, however, is authorized to grant a conditional writ of habeas corpus").  Therefore, I recommend that this motion be denied.

**CONCLUSION**

For these reasons, I recommend that the Petition [1] be denied.  Because petitioner has failed to make a substantial showing of a denial of a constitutional right, I also recommend that a Certificate of Appealability not be issued and that the motion for an evidentiary hearing [13] be denied.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by April 16, 2015 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: March 30, 2015

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge