UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH JACKSON,

                                  Petitioner,     **No. 1:13-CV-00019 (MAT)**
       -vs-                                            **DECISION AND ORDER**

THOMAS P. GRIFFIN,

                                  Respondent.
_____

## I.   Introduction

Joseph Jackson ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered April 8, 2005, in New York State Supreme Court, Erie County, following his plea of guilty to one count of manslaughter in the first degree and one count of assault in the first degree. Plaintiff was sentenced, as promised, to concurrent 20-year terms with five years post-release supervision. Petitioner's pleas related to two separate incidents, in which he and a codefendant (Kentrel Jeffries) were accused of stabbing Homer Broadus on January 5, 2004, and abducting and murdering Bobby Hayes and robbing Anthony Jackson on January 28, 2005. As further described in Judge McCarthy's Report and Recommendation discussed below, petitioner's pleas resulted from a legal and factual colloquy with the court (Wolfgang, J.), during which, *inter alia*, petitioner waived and withdrew all pending motions, and waived his right to

appeal except as to issues of voluntariness of the plea and legality of the sentence.

Pursuant to 28 U.S.C. § 636(b)(1), the Court[1] referred this petition for a writ of habeas corpus (Doc. 1) to United States Magistrate Jeremiah J. McCarthy for a Report and Recommendation ("R & R"). Judge McCarthy's R & R, filed on March 30, 2015, recommended that the Court deny Jackson's petition. (Doc. 23). Petitioner objected to the R & R, arguing that Judge McCarthy erred in denying petitioner's motion for an evidentiary hearing. (Doc. 24). Respondent filed a response to petitioner's objection, contending that petitioner's objection presents no basis for disturbing the R & R.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72, this Court is required to make a *de novo* determination of those portions of the R & R to which objections have been made. "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Renelique v. Doe, 2003 WL 23023771, *1 (S.D.N.Y. Dec. 29, 2003) (citations omitted). Petitioner's objection reiterates his previous arguments and simply reasserts that he was entitled to an

---

[1] This case was originally assigned to Judge Richard Arcara, who referred it to Magistrate Judge McCarthy for a Report and Recommendation, which was completed and filed on March 30, 2015. The case thereafter was referred to this Court by order dated November 19, 2015.

evidentiary hearing. The statements made in petitioner's objection thus constituted a reiteration of arguments originally made to the Court before the case was referred to Judge McCarthy for his R & R.

Because petitioner's objection does not point to any error in the R & R's legal analysis or identify any fact or issue that the R & R overlooked, this Court applies a clear error standard of review. Having reviewed Judge McCarthy's comprehensive and well-reasoned R & R, this Court finds no clear error. Accordingly, petitioner's objection (Doc. 24) is denied.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court accepts and adopts the R & R (Doc. 23) in its entirety, and, for the reasons stated therein, the petition for habeas corpus is denied and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability.

**SO ORDERED.**

S/Michael A. Telesca
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   December 9, 2015
         Rochester, New York.