UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────

JOSEPH JACKSON,

                              Petitioner,
         -vs-

THOMAS P. GRIFFIN,

                              Respondent.

───────────────────────────

**No. 1:13-CV-00019 (MAT)**
**DECISION AND ORDER**

## I.   Introduction

Joseph Jackson ("petitioner"), proceeding *pro se*, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. That petition was dismissed by this Court, by decision and order entered December 9, 2015, Doc. 33, which adopted Magistrate Judge Jeremiah J. McCarthy's Report and Recommendation ("R & R") in this matter. Doc. 23. On December 17, 2015, petitioner filed a motion for reconsideration, Doc. 35, of this Court's December 9, 2015 order inasmuch as it denied his motion for an evidentiary hearing, Doc. 13. Simultaneously, petitioner filed a notice of appeal, Doc. 37, and a motion to proceed *in forma pauperis*. Doc. 36.

In effect, petitioner's motion for reconsideration is brought under Federal Rule of Civil Procedure 59(e), which addresses a motion to alter or amend a judgment. See McCowan v. Sears, Roebuck and Co., 908 F.2d 1099, 1103 (2d Cir. 1990), cert. denied, 498 U.S. 897 (1990) (noting that "most substantive motions brought within ten days of the entry of judgment are functionally motions under

Rule 59(e), regardless of their label or whether relief might also have been obtained under another provision."). In this unusual instance where the notice of appeal was filed contemporaneously with petitioner's motion for reconsideration, the Court has jurisdiction to entertain the motion even though a notice of appeal has been filed. <u>Woodard v. Hardenfelder</u>, 845 F. Supp. 960, 964 (E.D.N.Y. 1994) ("Because plaintiff has timely filed a motion . . . pursuant to Rule 59, this court has jurisdiction to entertain that motion even though an appeal is presently pending in the Second Circuit.").

## II.  Background

Petitioner is incarcerated pursuant to a judgment entered April 8, 2005, in New York State Supreme Court, Erie County, following his plea of guilty to one count of manslaughter in the first degree and one count of assault in the first degree. Plaintiff was sentenced, as promised, to concurrent 20-year terms with five years post-release supervision. Petitioner's plea resulted from a legal and factual colloquy with the court (Wolfgang, J.), during which, *inter alia*, petitioner waived and withdrew all pending motions, and waived his right to appeal except as to issues of voluntariness of the plea and legality of the sentence. Petitioner thereafter moved to withdraw his guilty plea, arguing that his attorney had coerced him into making the plea. That motion which was argued before Erie County Judge Penny M. Wolfgang at sentencing, where petitioner was represented by newly

2

appointed counsel. Judge Wolfgang denied the motion after oral argument.

## IV.  Motion for Reconsideration Pursuant to Rule 59(e)

During the pendency of his habeas petition, petitioner moved for an "evidentiary hearing." Doc. 13. Specifically, he requested that this Court order Judge Wolfgang to hold an "'evidentiary' hearing pursuant to the factual allegations raised and contained within the Petitioner's complaint submitted before this Court . . ." Id. at 1. In his motion and supporting affidavit, petitioner's arguments centered on the knowing and voluntary nature of his state court plea, and requested that this Court "remand[] . . . the instant action" to state court for reconsideration of his motion to withdraw the plea. Id. at 5.

Petitioner's motion for an evidentiary hearing was duly considered by Judge McCarthy in his R & R, which noted that oral argument had been held on the motion on October 30, 2014. The record reflects that petitioner and respondent's representative appeared via telephone for this oral argument. Doc. 22. In his R & R, Judge McCarthy recommended, and this Court agreed, that petitioner's motion be denied because this Court has no authority to remand a habeas corpus petition to a state court for an evidentiary hearing. See Doc. 23 at 22 (citing Coombs v. Diuglielmo, 616 F.3d 255, 265 n.10 (3d Cir. 2010); Magwood v. Smith, 791 F.2d 1438, 1450 (11th Cir. 1986) ("[A] federal district court . . . has no appellate jurisdiction over a state criminal

case and hence has no authority to 'remand' a case to the state courts. The federal habeas corpus statute provides a mechanism for collateral, not appellate review."); Shepherd v. Perry, 2012 WL 3727278, *2 (E.D. Mich. 2012) ("This court lacks authority to remand a federal habeas corpus proceeding to state court"); Kilgore v. Quarterman, 2007 WL 603988, *2 n.1 (N.D. Tex. 2007) ("A federal court has no authority in a §2254 petition to remand claims back to the state court system for further review").

Judge McCarthy also noted that, as to the merits of petitioner's claim that he should have been granted an evidentiary hearing in state court, "both federal and state precedent have established that a defendant is not entitled as a matter of right to an evidentiary hearing on a motion to withdraw a guilty plea." Doc. 23 (quoting Hines v. Miller, 318 F.3d 157, 162 (2d Cir. 2003), cert. denied, 538 U.S. 1040; citing Carpenter v. Unger, 2014 WL 4105398, *32 (N.D.N.Y. 2014)).

As noted in the Decision and Order dated December 9, 2015, this Court fully reviewed the record in this case, as well as the R & R, and found the R & R to contain no clear error. The Court reiterates here its finding that the R & R's analysis of petitioner's motion for an evidentiary hearing reflected a proper application of the relevant legal principles and was fully consistent with the state court record, which failed to support petitioner's various contentions as to why his plea was not knowing and voluntary.

Petitioner's motion for reconsideration asserts that an evidentiary hearing should have been granted, and held in federal court, based on the purported authority of <u>Townsend v. Sain</u>, 372 U.S. 314 (1963). <u>Townsend</u> has since been overruled, see <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1, 1 (1992), as well as superceded by the relevant statute, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254. Therefore, petitioner's argument that he is entitled to a hearing in federal court is unsupported. Leaving aside the fact that petitioner never moved for a hearing in federal court, he would not have been entitled to one in any event, under the above-cited precedent. See <u>Hines</u>, 318 F.3d at 162; <u>Carpenter</u>, 2014 WL 4105398, at *32.

The standard for granting a motion for reconsideration under F.R.C.P. 59(e) is strict, and relief will be denied unless the movant can demonstrate that the district court overlooked matters "that might reasonably be expected to alter the conclusion reached by the court[,]" such as "controlling decisions or data." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995); see also <u>Analytical Surveys, Inc. v. Tonga Partners, L.P.</u>, 684 F.3d 36, 52 (2d Cir. 2012). Petitioner has made no such demonstration here. The Court has fully considered petitioner's motion for reconsideration and it is hereby denied.

## V.   Motion for Leave to Proceed *In Forma Pauperis*

Petitioner has moved to proceed *in forma pauperis*. It is unclear whether he seeks leave to proceed *in forma pauperis* on

appeal or upon further District Court proceedings, given that his motion for reconsideration sought such proceedings. In any event, petitioner's motion is unsupported by a Prison Certification Section, which is required to be completed and signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and (2) the prisoner's average account balance during the last six months. See 28 U.S.C. § 1915(a)(1), Rules Governing § 2254 Cases, Rule 3(a)(2), 28 U.S.C.A. foll. § 2254.

Considering the background of this proceeding and the Court's denial of petitioner's instant Rule 59(e) motion, petitioner's motion to proceed *in forma pauperis* is denied with prejudice. Additionally, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purposes of an appeal.

**SO ORDERED.**

**S/Michael A. Telesca**

_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated: January 6, 2016
    Rochester, New York.